EXHIBIT A

# EXHIBIT A

EXHIBIT A

MLG, APLC
Jonathan A. Michaels, Esq. – Bar No. 180455
Ryan D. Jones, Esq. – Bar No. 253451
151 Kalmus Dr., Suite A-102
Costa Mesa, CA 92626
Telephone: (949) 581-6900
Facsimile: (949) 581-6908
(jmichaels@mlgaplc.com)
(rjones@mlgaplc.com)

Attorneys for Plaintiffs,
Kamiya Perry

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
07/05/2019 at 04:12:17 PM
Clerk of the Superior Court
By Desiree Torres, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

| | |
|---|---|
| KAMIYA PERRY, an individual,<br><br>Plaintiff,<br>vs.<br><br>KIA MOTORS AMERICA, a California Corporation; and DOES 1 to 25, inclusive,<br><br>Defendants. | Case No. 30-2019-01081281-CU-PL-CJC<br><br>Judge Ronald L. Bauer<br><br>COMPLAINT FOR:<br><br>1. NEGLIGENCE;<br><br>2. STRICT LIABLITY – DESIGN DEFECT;<br><br>3. STRICT LIABILTY-- MANUFACTURING DEFECT<br><br>4. BREACH OF EXPRESS WARRANTY; AND<br><br>5. BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY<br><br><u>UNLIMITED CIVIL ACTION</u><br><br>– <u>JURY TRIAL DEMANDED</u> – |

1

COMPLAINT

## THE PARTIES

1. At all times mentioned in this Complaint, Plaintiff Kamiya Perry is, and at all relevant times was, an individual residing in Pinal County in the State of Arizona.

2. Plaintiff is informed and understand that Defendant Kia Motors America was and is a California corporation with its principal place of business in Orange County, California. At all times mentioned here, Defendant Kia was engaged in the business of manufacturing and distributing automobiles in the State of California.

3. Plaintiff is unaware of the true names of Does 1 through 25 and therefore sue them by such fictitious names and will ask for leave of Court to insert their true names when such have been ascertained.

## JURISDICTION

4. This Court has personal jurisdiction over Plaintiffs as the Plaintiffs consent to such jurisdiction.

5. This Court has personal jurisdiction over Defendant Kia Motors America because it is incorporated in California, thus providing the state with general jurisdiction.

## VENUE

6. Venue in this county is proper under California Code of Civil Procedure § 395(a). Defendant Kia Motors America resides in the state as a California corporation but the county where it resides is unknown to Plaintiff. As such, this action may be tried in any county that Plaintiffs designate in their Complaint.

## STATEMENT OF OPERATIVE FACTS

7. Plaintiff Kamiya Perry's parents, Deana and Michael Perry, purchased a 2015 Kia Forte (VIN: 3N1CE2CP8EL369621). At the time, the Perry family saw and relied upon advertising campaigns from Kia for the Forte, including advertising prepared by Kia and disseminated by its dealer network discussing the vehicle's safety features. The Perrys' motivation for purchasing the Forte was to obtain a safely designed and manufactured vehicle for themselves as well as for their son Gaebreal Perry, and daughter Plaintiff Kamiya Perry, both of whom had permissive use of said vehicle.

8. On April 21, 2019, Gaebreal Perry was driving the Kia Forte with Plaintiff seated in the passenger seat. Gaebreal attempted to make a U-Turn from the middle lane of the highway and failed to observe that there was an oncoming car traveling in the left lane beside him. The vehicle in the left lane struck the Kia Forte on the driver-side door. The immense force of the impact caused the vehicle to flip onto its side, smashing the passenger side door into the pavement and then continued to violently roll over upside down while simultaneously sliding across the pavement finally coming to rest on the roof of the vehicle.

9. To the surprise and horror of Plaintiff, the Kia Forte's seatbelt system and front and curtain passenger airbags failed to engage and deploy. Instead of being kept safely in her seat by the seatbelt, Plaintiff's head and body suddenly and violently slammed into the interior of the vehicle knocking her unconscious. She was airlifted to a nearby hospital where she was treated for the severe injuries to her brain and body. Had the Forte's airbag deployed and seatbelt system successfully, her injuries would have been less severe. As a direct result of the accident, Plaintiff suffered permanent damage to her brain and vision.

10. Plaintiff did not know, or reasonably could have known, that the vehicle airbag system would not deploy and that the seatbelt system would fail. Had the Perry family known about the Forte's defective airbag and seatbelt systems at the date of purchase, they would have either demanded its immediate repair and replacement or they never would never have purchased the vehicle at all and Plaintiff never would have been a passenger in the Kia Forte.

## FIRST CAUSE OF ACTION
## NEGLIGENCE
### (Against All Defendants)

11. Defendant designed, engineered, manufactured, tested, assembled, marketed, advertised, sold and/or distributed, and performed maintenance on the 2015 Kia Forte purchased by the Perry family and driven by Kamiya Perry.

12. Defendant had a duty to use reasonable care in the engineering, design, manufacture, testing, assembly, marketing, advertising, and sale or distribution of the subject vehicle, such that the vehicle would function safely in foreseeable circumstances.

13. In an extreme departure from this duty to use reasonable care, Defendant breached its duty during and through the events described above. These breaches include, but are not limited to, the following:

    a) Manufacturing the 2015 Kia Forte purchased by the Perry family and driven by Kamiya Perry with a defective passenger seatbelt and airbag system;

4
COMPLAINT

      b)      Placing the subject vehicle into the stream of commerce when it had a defective passenger seatbelt and airbag system, making the vehicle extremely hazardous to its passenger while being used in a reasonably foreseeable manner, rendering it dangerous for its contemplated and intended use, and thereby presenting an unreasonable risk of serious injury or death; and

      c)      Failing to warn about the defects in the Kia Forte purchased by the Perry family and driven by Kamiya Perry.

14. As a direct and proximate result of the negligent actions of Defendant, Kamiya Perry was severely injured on April 21, 2019. Under California Civil Procedure Code § 377.61, Plaintiff Kamiya Perry is entitled to all damages that are just, including compensatory damages. Plaintiff seeks relief for such damages in an amount to be proven at trial, but which are in excess of the minimum jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION
## STRICT LIABILITY – DESIGN DEFECT
### (Against All Defendants)

15. Plaintiffs repeats every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

16. Defendant designed, engineered, manufactured, tested, assembled, marketed, advertised, sold and/or distributed, and performed maintenance on the 2015 Kia Forte purchased by the Perry family and driven by Kamiya Perry.

17. The subject vehicle contained a manufacturing defect in the form of an airbag system that had a defective passenger seatbelt and airbag system when it left Defendant's possession or when Defendant performed maintenance on the vehicle.

18. Defendant's actions as alleged herein were a substantial factor in causing Plaintiffs' damages in that Plaintiff would not have purchased or driven the vehicle had they been informed that the subject vehicle had a defective seatbelt and airbag system.

19. As a direct and proximate result of Defendant's negligence and grossly negligent actions, Plaintiff sustained far greater and severe injuries than she would have had the subject vehicle Kamiya Perry was riding in did not have a defective seatbelt and airbag system, causing her brain trauma. As a result, Plaintiff has suffered emotional distress, including ....

20. Plaintiff seeks relief for such damages in an amount to be proven at trial, but which is in excess of the minimum jurisdictional limit of this Court.

21. Defendant's conduct is malicious, oppressive, and justifies an award of punitive damages for Plaintiff Kamiya Perry against it pursuant to California Civil Code § 3294.

## THIRD CAUSE OF ACTION
### STRICT LIABILITY – MANUFACTURING DEFECT
(Against All Defendants)

22. Plaintiffs repeats every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

23. Defendant designed, engineered, manufactured, tested, assembled, marketed, advertised, sold and/or distributed, and performed maintenance on the 2015 Kia Forte purchased by the Perry family and driven by Kamiya Perry.

24. The subject vehicle contained a manufacturing defect in the form of the airbag control unit that had a defective passenger seatbelt and airbag system when it left Defendant's possession or when Defendant performed maintenance on the vehicle.

25. Defendant's actions as alleged herein were a substantial factor in causing Plaintiffs' damages in that Plaintiff would not have purchased or driven the vehicle had they been informed that the subject vehicle had a defective seatbelt and airbag system.

26. As a direct and proximate result of Defendant's negligence and grossly negligent actions, Plaintiff sustained far greater and severe injuries than she would have had the subject vehicle Kamiya Perry was riding in did not have a defective seatbelt and airbag system, causing her brain trauma. As a result, Plaintiff has suffered mental, physical, and emotional distress, including traumatic brain injury, post traumatic amnesia, vision problems in left eye, and various physical injuries to her body.

27. Plaintiff seeks relief for such damages in an amount to be proven at trial, but which is in excess of the minimum jurisdictional limit of this Court.

28. Defendant's conduct is malicious, oppressive, and justifies an award of punitive damages for Plaintiff Kamiya Perry against it pursuant to California Civil Code § 3294.

## FOURTH CAUSE OF ACTION
## BREACH OF EXPRESS WARRANTY
### (Against All Defendants)

29. Plaintiff repeats every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

30. Defendant designed, engineered, manufactured, tested, assembled, marketed, advertised, sold and/or distributed, and performed maintenance on the 2015 Kia Forte driven by Plaintiff.

31. Defendant expressly warranted to the public, and to Plaintiff, that the subject vehicle could be used safely, for the purpose normally incident to its use, namely transportation.

32. Plaintiff relied on such warranties in driving the subject vehicle.

33. The vehicle supplied to Plaintiff was not as warranted. Such breach of warranty included, but was not limited to, the propensity of the vehicle's airbag control unit to become overstressed and cause the defective defective passenger seatbelt and airbag system to fail. This breach was a substantial factor in causing Plaintiff's personal injuries.

34. As a result of the failure of the vehicle to operate as warranted, Plaintiff suffered monetary damages in an amount to be proven at the time of trial.

35. As a direct and proximate result of Defendant's actions, Plaintiffs are entitled to a statutory penalty pursuant to Cal. Civ. Code § 1794(c).

36. Additionally, Plaintiff seeks attorney's fees and costs pursuant to Cal. Civ. Code § 1794(d), and all other remedies permitted by law.

## FIFTH CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (Against All Defendants)

37. Plaintiff repeats every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

38. Defendant designed, engineered, manufactured, tested, assembled, marketed, advertised, sold and/or distributed the subject vehicle.

39. Plaintiff is in vertical privity with previous owners of the vehicle that was manufactured and supplied by Defendant.

40. Pursuant to the Uniform Commercial Code, Defendant implied a warranty of merchantability concerning the subject vehicle that it was fit for the ordinary purposes for which such goods are used.

41. The product manufactured by Defendant and used by Plaintiff was not of merchantable quality in that:

    a) The product was unreasonably dangerous in that the vehicle had a propensity to stall during normal operations; and

    b) The unreasonably dangerous condition existed when the goods left Defendant's hands.

42. The failure of the subject vehicle to have the expected quality was a substantial factor in causing harm to Plaintiff, who is therefore entitled to monetary damages in an amount to be proven at the time of trial.

43. As a direct and proximate result of Defendant's actions, Plaintiff is entitled to a statutory penalty pursuant to Cal. Civ. Code § 1794(c).

44. Additionally, Plaintiff seeks attorney's fees and costs pursuant to Cal. Civ. Code § 1794(d), and all other remedies permitted by law.

**WHEREFORE,** Plaintiffs pray that the Court award them:

First Cause of Action

1. Compensatory damages.
2. Pre-judgment interest as allowed by statute.

Second Cause of Action

1. Compensatory damages.
2. Pre-judgment interest as allowed by statute.
3. Punitive damages pursuant to California Code of Civil Procedure § 3294.

Third Cause of Action

1. Compensatory damages.
2. Pre-judgment interest as allowed by statute.
3. Punitive damages pursuant to California Code of Civil Procedure § 3294.

Fourth Cause of Action

1. Compensatory damages.
2. Pre-judgment interest as allowed by statute.

Fifth Cause of Action

1. Compensatory damages.
2. Pre-judgment interest as allowed by statute.

All Causes of Action

1. Costs of suit herein incurred;
2. Interest as provided by law.
3. For such other and further relief as the Court may deem just and proper.

                                          **MLG, APLC**

Dated: July 5, 2019                By: _____
                                            Jonathan A. Michaels, Esq.
                                            Ryan D. Jones, Esq.
                                            Attorneys for Plaintiff,
                                            Kamiya Perry

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

MLG, APLC

Dated: July 5, 2019      By: _____
Jonathan A. Michaels, Esq.
Ryan D. Jones, Esq.
Attorneys for Plaintiff,
Kamiya Perry